CHAIN | COHN | STILES
Neil K. Gehlawat, Esq. (SBN 289388)
Email: ngehlawat@chainlaw.com
1731 Chester Avenue
Bakersfield, CA 93301
Telephone:   (661) 323-4000
Facsimile:    (661) 324-1352

THE LAW OFFICE OF THOMAS C. SEABAUGH
Thomas C. Seabaugh, Esq. (SBN 272458)
Email: tseabaugh@seabaughfirm.com
128 North Fair Oaks Avenue
Pasadena, CA 91103
Telephone:   (818) 928-5290

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET MOYER, VANESSA BROWN, JESSICA BROWN, and CHRIS KAPP, individually and as successors in interest to Douglas Brown-Palamara, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; DOES 1 – 10, inclusive; and MEDINA MARTIN, a nominal defendant,<br><br>Defendants. | Case No.  2:16-CV-09420<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Civil Rights Action<br>2. Substantive Due Process<br>3. Ratification<br>4. Policy of Inaction / Inadequate Training<br>5. Unconstitutional Custom, Policy, or Practice<br>6. Battery<br>7. Failure to Discharge Mandatory Duties<br>8. Bane Act<br>9. Negligence<br>10. Medical Negligence<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

JANET MOYER, VANESSA BROWN, JESSICA BROWN, and CHRIS KAPP, individually and as successors in interest to Douglas Brown-Palamara ("Plaintiffs"), for their Complaint against Defendants COUNTY OF LOS ANGELES, DOES 1-10, and nominal defendant MEDINA MARTIN ("Defendants"), allege as follows:

**INTRODUCTION**

1.      The Huffington Post recently compiled a database of the people who have died in jails in the United States since the tragic death of Sandra Bland on July 13, 2015, until July 13, 2016.  According to their database, 815 people have died in United States jails in that time period (https://data.huffingtonpost.com/2016/jail-deaths).

2.      One-hundred and twenty-eight people have died in jails in California during that same period of time, which is the largest number of any state in the United States.  Of the 128 documented deaths in California jails, the following 14 individuals appear to have died in the custody of the County of Los Angeles during that time period: Douglas Brown-Palamara, Anthony Ambrosino, Robert Olsen, Jorge Guanes, Feliciano Hernandez, Shawna Jones, Charles Zeno, Osvaldo Salazar, Adam John Oles, Lila Fort, Georges F. Noujeim, Manuel Carlin, Robert Quincy Beauchamp, and Amy Garcia.

3.      Of the 128 California deaths, 29 were suicides or apparent suicides, not including the death of the decedent in this case.

4.      Decedent Douglas Raymond Brown Palamara ("Decedent") was arrested and booked into custody in April 2016.  He was then transported to the Men's Central Jail.

5.      Decedent's wife, Janet Moyer, repeatedly called and faxed information to the jail and its employees, notifying them that the Decedent was mentally ill and suicidal. She provided a full account of his medical conditions, including the fact

that he had been diagnosed with "Schizophrenia Paranoid Type." In particular, Ms. Moyer repeatedly urged staff to pay attention to the danger that the Decedent would commit suicide.

6.     On an "Inmate Medication Information Form" that she provided to County employees, Moyer checked "YES" to the question "IS SUICIDE A CONCERN?" In the space next to the question, she wrote, "Because he's threatened it. Also the voices tell him that there goal is to make him look crazy so they can kill him and make it look like suicide."

7.     Despite these clear warnings, under circumstances unknown at this time, Decedent apparently committed suicide on or about May 8, 2016. The County of Los Angeles death certificate lists the cause of death as "Hanging." The manner of death is listed as "Suicide," and the events that resulted in injury are described as "self-inflicted hanging, with ligature."

8.     Plaintiffs, who are all Decedent's family members, contend that employees of the County of Los Angeles and the Los Angeles County Sheriff's Department unreasonably ignored, were deliberately indifferent to, or failed to address Decedent's mental illness and the risk of Decedent's suicide, including the clear warnings transmitted by Ms. Moyer; filed to provide adequate medical care; or otherwise withheld effective medical care under the circumstances.

9.     This lawsuit targets the epidemic of growing jail deaths in California, including suicides, and aims to uncover the underlying policies and practices that allow these deaths to occur at such an alarming rate.  Accordingly, this case is in the public interest.

## PARTIES

10.     At the time of his death, Douglas Raymond Brown Palamara ("Decedent") resided in the County of Los Angeles, State of California.  He was in custody at the Twin Towers Men's Central Jail.  Decedent died on May 8, 2016.

11. At all relevant times, Plaintiffs Jessica Brown, Vanessa Brown, and Janet Moyer resided in the County of Los Angeles, State of California. At all relevant times, Chris Kapp resided in the County of San Luis Obispo. Plaintiff Janet Moyer is the wife of the decedent. Vanessa Brown, Jessica Brown, and Chris Kapp are children of Decedent. Plaintiffs each sue in their individual capacities and in their representative capacities as successors in interest to Decedent. Plaintiffs' successor in interest declarations pursuant to CCP § 377.32 are attached hereto and incorporated by reference herein.

12. At all relevant times, Defendant County of Los Angeles ("County") was a duly organized public entity, existing under the laws of the State of California. Defendant County is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant County is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies. At all relevant times to the facts alleged herein, Defendant County was responsible for ensuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and the State of California. At all relevant times, Defendant County was the employer of Does 1-10.

13. Upon information and belief, Defendants Does 1-10 were employees of Defendant County and residents of the County of Los Angeles, State of California. They were acting under color of law within the course and scope of their employment with Defendant County. These defendants proximately caused Decedent's death by integrally participating or failing to intervene in the conduct of which Plaintiffs complain, and/or by engaging in other acts or omissions described below.

14. At all relevant times, Defendants Does 6-10 were doctors, nurses, medical staff, or health care providers employed by Defendant County and residents

of the County of Los Angeles, State of California.  At all relevant times, they were acting within the course and scope of their employment with Defendant County.

15.     The true names of Defendants Does 1-10 are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

16.     Pursuant to California Government Code § 815.2, Defendant County is vicariously liable for the torts committed by Defendants Does 1-10 while in the course and scope of their employment with Defendant County.

17.     Nominal defendant Medina Martin is a potentially interested party who is not currently represented by the undersigned attorneys. She may or may not be a child of decedent. She is named as a nominal defendant so that her interest, if any, in this litigation can be ascertained.

18.     Plaintiffs presented comprehensive and timely claims for damages on November 2, 2016 with the County of Los Angeles pursuant to California Government Code § 910.4.  The County of Los Angeles transmitted a letter in response to said claims on November 9, 2016.

19.     County's November 9, 2016 letters are styled as "hybrid rejections." The letters purport to "return" each of Plaintiffs' claims as to "activities occurring before May 2, 2016 ... because [they were] not presented within six months of the event or occurrence as required by law." The letters then purport to "reject" the claims as to conduct occurring after May 2, 2016. Plaintiffs contend that the form of the County's rejection letters is irregular and improper, without limitation, for the reasons that follow. Plaintiffs contend that the effect of the County's purported "hybrid rejections" should be deemed to be the same as if the County failed to respond at all.

20.     Government Code Section 911.2 provides, "A claim relating to a cause of action for death . . . shall be presented . . . not later than six months after the accrual of the cause of action." Plaintiffs' claims were presented within six months of accrual because, without limitation, Plaintiffs' claims did not accrue until the decedent died on May 8, 2016. "A cause of action accrues for purposes of the filing requirements of the Tort Claims Act on the same date a similar action against a nonpublic entity would be deemed to accrue for purposes of applying the relevant statute of limitations." *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438 at 444, fn. 3; accord *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 708 ("A cause of action accrues for purposes of the claim presentation requirements on the same date a similar cause of action against a nonpublic entity would be deemed to accrue for purposes of applying the relevant statute of limitations."). The date of accrual of a cause of action for wrongful death is the date of death. *Larcher v. Wanless* (1976) 18 Cal. 3d 646, 656-657. This is because only on the date of death does a wrongful death cause of action become complete with all of its elements. *See* Code Civ. Proc., § 377.60. Accordingly, Plaintiffs' state law claims as to all relevant conduct were timely presented within six months of the accrual of the causes of action and the County's purported "hybrid" subdivision of the claims is ineffective. Plaintiffs fully complied with California Government Code § 910.4 as to all conduct preceding decedent's death.

## **JURISDICTION AND VENUE**

21.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

22.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, State of California.

COMPLAINT FOR DAMAGES: DEMAND FOR JURY TRIAL

# **FIRST CLAIM FOR RELIEF**

## **Civil Rights Action (42 U.S.C. § 1983)**

(Against Does 1-10)

23.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24.     At all relevant times, Decedent was in the custody of the Los Angeles County Sheriff's Department and the County of Los Angeles.

25.     When Does 1-10 ignored or misconstrued Decedent's mental illness, suicidal behaviors, and suicide risk factors; ignored or failed to adequately respond to warnings that Decedent was suicidal; failed to summon or provide appropriate medical care to Decedent; and otherwise unreasonably failed to prevent Decedent's suicide, they violated Decedent's and Plaintiffs' constitutional rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

26.     The conduct of Does 1-10 was unreasonable, unjustified, and offensive to human dignity.

27.     Does 1-10 were deliberately indifferent to the risk that Decedent was mentally ill and was likely to commit suicide.

28.     The conduct of Does 1-10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages against Does 1-10.

29.     Does 1-10 are each liable for Decedent's death, either because they engaged in the above conduct, or because they failed to intervene or prevent the above conduct.

30.     As a result of the foregoing, Decedent suffered great physical pain, emotional distress, and loss of enjoyment of life up to the time of his death, and ultimately died. Also as a direct and proximate result of the actions and inactions of

1   Does 1-10, Plaintiffs suffered emotional distress and pain.  Plaintiffs have also been

2   deprived of the life-long love, companionship, comfort, care, assistance, protection,

3   affection, society, and moral support of Decedent, and will continue to be so

4   deprived for the remainder of their lives.

5        31.    Plaintiffs bring this claim individually and as successors in interest to

6   Decedent, and seek both survival and wrongful death damages for the violation of

7   Decedent's and Plaintiffs' rights.  Plaintiffs also seek funeral and burial expenses

8   and attorneys' fees.

9   **SECOND CLAIM FOR RELIEF**

10   **Substantive Due Process (42 U.S.C. § 1983)**

11   (Against Does 1-10)

12        32.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

13   through 31 of this Complaint with the same force and effect as if fully set forth

14   herein.

15        33.    Plaintiffs and Decedent had a cognizable interest under the Due Process

16   Clause of the Fourteenth Amendment of the United States Constitution to be free

17   from state actions that deprive them of life, liberty, or property in such a manner as

18   to shock the conscience.

19        34.    The aforementioned actions of Does 1-10, along with other

20   undiscovered conduct, shock the conscience, in that they acted with deliberate

21   indifference to the constitutional rights of Decedent and Plaintiffs.

22        35.    The conduct of Does 1-10 was willful, wanton, malicious, or done with

23   reckless disregard for the rights and safety of Decedent, and therefore warrants the

24   imposition of exemplary and punitive damages against Does 1-10.

25        36.    Does 1-10 are each liable for Decedent's death, either because they

26   engaged in the above conduct, or because they failed to intervene or prevent the

27   above conduct.

28

37.     As a result of the foregoing, Decedent suffered great physical pain and emotional distress up to the time of his death, and ultimately died.  Does 1-10 thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Decedent.

38.     Also as a direct and proximate result of the actions and inactions of Does 1-10, Plaintiffs suffered emotional distress and pain.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of Decedent, and will continue to be so deprived for the remainder of their lives.

39.     Plaintiffs bring this claim in their individual capacities and as successors in interest to Decedent, and seek both survival and wrongful death damages for the violation of Decedent's and Plaintiffs' rights.  Plaintiffs also seek funeral and burial expenses and attorneys' fees.

### THIRD CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against Defendant County)

40.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.     Does 1-10 acted under color of law.

42.     The acts of Does 1-10 deprived Decedent and Plaintiffs of their particular rights under the United States Constitution.

43.     Upon information and belief, a final policymaker acting under color of law, who had final policymaking authority concerning the acts of one or more of Does 1-10, ratified one or more of Does 1-10's unconstitutional acts and the bases for them.  Upon information and belief, a final policymaker knew of and specifically approved of one or more of Does 1-10's unconstitutional acts.

44.     Upon information and belief, a final policymaker has determined that the unconstitutional acts of one or more of Does 1-10 were "within policy."

45.     By reason of the aforementioned acts or omissions, Plaintiffs have been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of Decedent, and will continue to be so deprived for the remainder of their lives.  The aforementioned acts also caused Decedent great physical pain, emotional distress, and loss of enjoyment of life up to the time of his death.

46.     Accordingly, Defendant County is directly liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

47.     Plaintiffs bring this claim in their individual capacities and as successors in interest to Decedent, and seek both survival and wrongful death damages for the violation of Decedent's and Plaintiffs' rights.  Plaintiffs also seek funeral and burial expenses and attorneys' fees.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability – Inadequate Training / Policy of Inaction**

**(42 U.S.C. § 1983)**

(Against Defendant County)

48.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.     Does 1-10 acted under color of law.

50.     The acts of Does 1-10 deprived Decedent and Plaintiffs of their particular rights under the United States Constitution.

51.     The training policies of Defendant County were not adequate to train its deputies to handle the usual and recurring situations where those in custody are suicidal or at risk of suicide or self-harm.

52.     Defendant County was deliberately indifferent to the obvious consequences of its failure to train its deputies to handle these usual and recurring situations.

53.     The failure of Defendant County to provide adequate training caused the deprivation of Decedent's and Plaintiffs' rights by Does 1-10; that is, Defendant County's failure to train is so closely related to the deprivation of Plaintiffs' rights as to be the moving force that caused the ultimate injury.

54.     By reason of the aforementioned acts or omissions, Plaintiffs have been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of Decedent, and will continue to be so deprived for the remainder of their lives.  The aforementioned acts also caused Decedent great physical pain, emotional distress, and loss of enjoyment of life up to the time of his death.

55.     Accordingly, Defendant County is directly liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

56.     Plaintiffs bring this claim in their individual capacities and as successors in interest to Decedent, and seek both survival and wrongful death damages for the violation of Decedent's and Plaintiffs' rights.  Plaintiffs also seek funeral and burial expenses and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)**

(Against Defendant County)

57.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

58.     Does 1-10 acted under color of law.

59.     Does 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant County.

60.     Upon information and belief, Does 1-10 were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Decedent's death.

61.     Defendants County and Does 1-10, together with other County policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    a.  Failing to take action to reverse the pattern of soaring numbers of in-custody deaths, including deaths that are the result of suicide or self-harm.

    b.  Ignoring or inadequately addressing the danger that mentally ill or suicidal inmates are likely to engage in self-harm;

    c.  Failing to properly classify mentally ill inmates and inmates at risk of suicide;

    d.  Withholding effective medical care from those who are mentally ill or at risk of suicide;

    e.  Failing to provide adequate medical attention to inmates who are mentally ill or at risk of suicide;

    f.  Providing inadequate training with respect to handling situations that involve inmates who are mentally ill or at risk of suicide;

    g.  Inadequately supervising, training, controlling, assigning, and disciplining County deputies, who the County knew or should have known had propensities to exhibit indifference indifferent to inmates who are mentally ill or at risk of suicide;

    h.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by County employees, including Does 1-10;

i.    Encouraging, accommodating, or facilitating a "blue code of
      silence," "blue shield," "blue wall," "blue curtain," "blue veil," or
      simply "code of silence," pursuant to which employees do not
      report other employees' errors, misconduct, or crimes.  Pursuant to
      this code of silence, if questioned about an incident of misconduct
      involving another officer, while following, the deputy being
      questioned will claim ignorance of the other deputies' wrongdoing;
      and

j.    Maintaining a policy of inaction an attitude of indifference towards
      soaring numbers of in-custody jail deaths, including by failing to
      discipline, re-train, investigate, and terminate involved employees.

62.    The aforementioned unconstitutional customs, practices, and policies,
in addition to the ratification of the deficient customs, practices, and policies, are
evidenced by the statistics cited above.

63.    Defendants County and Does 1-10, together with various officials,
whether named or unnamed, had either actual or constructive knowledge of the
deficient policies, practices and customs alleged in the paragraphs above.  Despite
having knowledge as stated above, these Defendants condoned, tolerated and
through actions and inactions thereby ratified such policies.  Said officials also acted
with deliberate indifference to the foreseeable effects and consequences of these
policies with respect to the constitutional rights of Decedent, Plaintiffs, and other
individuals in County jails.

64.    By perpetrating, sanctioning, tolerating and ratifying the outrageous
conduct and other wrongful acts, Does 1-10 acted with intentional, reckless, and
callous disregard for the life of Decedent and for Decedent's and Plaintiffs'
constitutional rights.  Furthermore, the policies, practices, and customs
implemented, maintained, and still tolerated by Defendants County and Does 1-10

1 | were affirmatively linked to and were a significantly influential force behind the
2 | injuries to Decedent and Plaintiffs.

3 | 65. By reason of the aforementioned acts or omissions, Plaintiffs have been
4 | deprived of the life-long love, companionship, comfort, care, assistance, protection,
5 | affection, society, and moral support of Decedent, and will continue to be so
6 | deprived for the remainder of their lives.  The aforementioned acts also caused
7 | Decedent great physical pain, emotional distress, and loss of enjoyment of life up to
8 | the time of his death.

9 | 66. Accordingly, Defendant County is directly liable to Plaintiffs for
10 | compensatory damages under 42 U.S.C. § 1983.

11 | 67. Plaintiffs bring this claim in their individual capacities and as
12 | successors in interest to Decedent, and seek both survival and wrongful death
13 | damages for the violation of Decedent's and Plaintiffs' rights.  Plaintiffs also seek
14 | funeral and burial expenses and attorneys' fees.

## SIXTH CLAIM FOR RELIEF

### Battery – Wrongful Death (California Common Law)

(Against Defendants Does 1-10 and County)

18 | 68. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
19 | through 67 of this Complaint with the same force and effect as if fully set forth
20 | herein.

21 | 69. The acts and/or omissions of Does 1-10 as described above constituted
22 | a battery under California law.

23 | 70. By reason of the aforementioned acts or omissions, Plaintiffs have been
24 | deprived of the life-long love, companionship, comfort, care, assistance, protection,
25 | affection, society, and moral support of Decedent, and will continue to be so
26 | deprived for the remainder of their lives.  The aforementioned acts also caused
27 | Decedent great physical pain, emotional distress, and loss of enjoyment of life up to
28 | the time of his death.

71.     The conduct of Does 1-10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages against Does 1-10.

72.     Plaintiffs bring this claim in their individual capacities and as successors in interest to Decedent, and seek both survival and wrongful death damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Failure to Discharge Mandatory Duties (Cal. Gov. Code § 815.6)

(Against Defendants Does 1-10 and County)

73.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.     The acts and/or omissions of Does 1-10 as described above constitute failure(s) to discharge mandatory duties imposed by California and federal law. Does 1-10 did not exercise reasonable diligence to discharge their duties.

75.     By reason of the aforementioned acts or omissions, Plaintiffs have been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of Decedent, and will continue to be so deprived for the remainder of their lives.  The aforementioned acts also caused Decedent great physical pain, emotional distress, and loss of enjoyment of life up to the time of his death.

76.     The conduct of Does 1-10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages against Does 1-10.

77.     Plaintiffs bring this claim in their individual capacities and as successors in interest to Decedent, and seek both survival and wrongful death damages under this claim.

# EIGHTH CLAIM FOR RELIEF

## Violation of Tom Bane Act (Cal. Civil Code § 52.1)

(Against Defendants Does 1-10 and County)

78.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

79.     The acts of Does 1-10, as described above, constitute violations of California Civil Code section 52.1 (the Bane Act), which protects civil rights from unlawful interference.

80.     Upon information and belief, Does 1-10, while working for Defendant County, and acting within the course and scope of their duties, committed acts and omissions that constitute violations of the Bane Act.

81.     When Does 1-10 ignored the risk of Decedent's suicide, and engaged in the acts and omissions above, they interfered with his civil rights to due process, to equal protection of the laws, to medical care, and to be free from state actions that shock the conscience, and to life, liberty, and property.

82.     Does 1-10 successfully interfered with the above civil rights of Decedent.

83.     The conduct of Does 1-10 was a substantial factor in causing the above harms, losses, injuries, and damages.

84.     The conduct of Does 1-10 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages against Does 1-10.

85.     Plaintiffs bring this claim in their individual capacities and as successors in interest to Decedent, and seek both survival and wrongful death damages for the violation of Decedent's and Plaintiffs' rights.  Plaintiffs also seek statutory damages under this claim.

///

## NINTH CLAIM FOR RELIEF

### Negligence – Wrongful Death (California Common Law)

(Against Defendants Does 1-10 and County)

86.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 85 of this Complaint with the same force and effect as if fully set forth herein.

87.     Does 1-10 have a duty to use reasonable care to prevent harm or injury to others, including those in their custody.  This duty includes taking action in response to information that an individual in custody is suicidal or a suicide risk.

88.     Does 1-10 breached this duty of care.  Upon information and belief, the actions and inactions of Does 1-10 were negligent and reckless, including without limitation:

    a.   Violating their own training and written policy;

    b.   Ignoring the documents and information transmitted by Janet Moyer, which clearly stated that Decedent was a suicide risk;

    c.   Failing to adequately screen Decedent for suicide risk;

    d.   Failing to adequately classify Decedent;

    e.   Failing to take action to prevent Decedent's suicide, including, without limitation, such as placing him on suicide watch, denying him implements that could be used to commit suicide, and placing him under closer observation;

    f.   Failing to provide adequate medical care to Decedent; and

    g.   Withholding adequate medical care to Decedent.

89.     As a direct and proximate result of the aforementioned actions and inactions of Does 1-10, Decedent suffered harm and ultimately died.  Also as a direct and proximate result of their misconduct, Plaintiffs have been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection,

1  society, and moral support of Decedent, and will continue to be so deprived for the

2  remainder of their lives.

3        90.    Plaintiffs bring this claim in their individual capacities and as

4  successors in interest to Decedent, and seek both survival and wrongful death

5  damages under this claim.

6                    **TENTH CLAIM FOR RELIEF**

7     **Medical Negligence – Wrongful Death (California Common Law)**

8              (Against Defendants Does 6-10 and County)

9        91.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

10  through 90 of this Complaint with the same force and effect as if fully set forth

11  herein.

12        92.    At all relevant times, Does 6-10 were health care providers employed

13  Defendant County who were responsible for providing medical care (and/or who

14  provided medical care) to Decedent while he was in custody of Defendant County.

15        93.    As health care providers, Does 6-10 have a duty to provide an

16  appropriate level of medical care to those in custody, including Decedent.  Does 6-

17  10 were required to use the degree of care and skill of an average health care

18  provider under similar circumstances.

19        94.    Does 6-10 breached the applicable standard of medical care owed to

20  Plaintiff, without limitation, by:

21              a.   Violating their own training and written policy;

22              b.   Ignoring the documents transmitted by Janet Moyer, which clearly

23                   stated that Decedent was a suicide risk;

24              c.   Failing to adequately screen Decedent for suicide risk;

25              d.   Failing to adequately classify Decedent;

26              e.   Failing to take action to prevent Decedent's suicide, including,

27                   without limitation, such as placing him on suicide watch, denying

28

him implements that could be used to commit suicide, and placing him under closer observation;

    f.   Failing to provide adequate medical care to Decedent; and

    g.   Withholding adequate medical care to Decedent.

95.    As a direct and proximate result of the aforementioned actions and inactions of Does 6-10, Decedent was harmed and ultimately died.  Also as a direct and proximate result of their misconduct, Plaintiffs have been deprived of the life-long love, companionship, comfort, care, assistance, protection, affection, society, and moral support of Decedent, and will continue to be so deprived for the remainder of their lives.

96.    Plaintiffs bring this claim in their individual capacities and as successors in interest to Decedent, and seek both survival and wrongful death damages under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and request entry of judgment in their favor and against all Defendants in the form of monetary damages and injunctive relief as follows:

A.  For wrongful death damages in an amount to be proven at trial;

B.  For survival damages in an amount to be proven at trial;

C.  For statutory damages in an amount to be proven at trial;

D.  For punitive damages against the individual defendants in an amount to be proven at trial;

E.  For funeral and burial expenses in an amount to be proven at trial;

F.  For interest;

G.  For reasonable costs of this suit and attorneys' fees;

H.  For injunctive relief to cure or address the deficient policies, customs, and practices described above; and

1     I.   For such further other relief as the Court may deem just, proper, and

2         appropriate.

3        Respectfully Submitted,

4  Dated:  December 20, 2016    CHAIN | COHN | STILES

5

6                */s/ Neil K. Gehlawat*

                 BY: _____

7                    Neil K. Gehlawat

                    Attorney for Plaintiffs

8

9  Dated: December 20, 2016    LAW OFFICE OF THOMAS C. SEABAUGH

10

                 */s/ Thomas C. Seabaugh*

11                BY: _____

12                 Thomas C. Seabaugh

                    Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES: DEMAND FOR JURY TRIAL

## <u>JURY DEMAND</u>

Plaintiffs demand a trial by jury.

Dated:  December 20, 2016      CHAIN | COHN | STILES

*/s/ Neil K. Gehlawat*

BY: _____

Neil K. Gehlawat
Attorney for Plaintiffs


Dated: December 20, 2016      LAW OFFICE OF THOMAS C. SEABAUGH

*/s/ Thomas C. Seabaugh*

BY: _____

Thomas C. Seabaugh
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES: DEMAND FOR JURY TRIAL