CHAIN | COHN | STILES
Neil K. Gehlawat, Esq. (SBN 289388)
Email: ngehlawat@chainlaw.com
1731 Chester Avenue
Bakersfield, CA 93301
Telephone:     (661) 323-4000
Facsimile:     (661) 324-1352

THE LAW OFFICE OF THOMAS C. SEABAUGH
Thomas C. Seabaugh, Esq. (SBN 272458)
Email: tseabaugh@seabaughfirm.com
128 North Fair Oaks Avenue
Pasadena, CA 91103
Telephone:     (818) 928-5290

*Attorneys for Plaintiffs*

Jon F. Monroy, Esq. (SBN 51175)
Jennifer E. Gysler, Esq. (SBN 143449)
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Road, Ste 301
Westlake Village, CA  91361
Telephone:  (818) 889-0661
Facsimile:  (818) 889-0667

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET MOYER, VANESSA BROWN, JESSICA BROWN, and CHRIS KAPP, individually and as successors in interest to Douglas Brown-Palamara, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; DOES 1 – 10, inclusive; and MEDINA MARTIN, a nominal defendant,<br><br>Defendants. | Case No.  2:16-cv-09420-VAP-MRW<br><br>JOINT SCHEDULING REPORT<br><br>DATE:  April 10, 2017<br>TIME:   1:30 p.m.<br>LOCATION: First Street Court House Courtroom 8A, 350 West 1st Street, Los Angeles, CA  90012 |

COME NOW, the parties in this matter, and present this Joint Scheduling Conference Report pursuant to Federal Rules of Civil Procedure 26(f) and the Court's Order Setting Scheduling Conference, Docket Document No. 15.

Plaintiffs JANET MOYER, VANESSA BROWN, JESSICA BROWN, CHRIS KAPP, and Nominal Defendant MEDINA MARTIN are represented by Neil K. Gehlawat of Chain | Cohn | Stiles and Thomas C. Seabaugh of The Law Office of Thomas C. Seabaugh.

Defendant COUNTY OF LOS ANGELES is represented by Jon F. Monroy and Jennifer E. Gysler of Monroy, Averbuck & Gysler.

The parties have met and conferred and provide the following information in response to the categories of information requested in the Court's Order.

**1.   Initial Disclosures, Preservation of Discoverable Information and Discovery Plan:**

The parties agree that no changes should be made in the form or requirements for disclosures under Rule 26(a).  The parties are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.  There are no anticipated issues about disclosure or discovery of electronically stored information.

The parties agree that no changes should be made as to discovery as it is governed by law or Local Rule and that this is not a case which is sufficiently complex to be governed by the procedures of the federal "Manual for Complex Litigation."  All parties have agreed to preserve all discoverable information.

The parties' preferences for pretrial and trial dates are included in Exhibit A (Schedule of Pretrial and Trial Dates), which is attached to this report.

**2.   A Listing and Proposed Schedule of Law and Motion Matters:**

There are no pending motions in this matter.

**3.   Settlement Processes:**

The parties agree to ADR Procedure No. 2, a settlement conference before an attorney from the Attorney Settlement Officer Panel under Local Rule 16-15.

**4.   Estimated Length of Trial and Proposed Dates:**

The parties anticipate trial will require 5 to 7 court days and propose the schedules attached as Exhibit A for the final pretrial conference and trial.

**5.   Amended Pleadings and New Parties:**

Plaintiffs anticipate the need to file an amended complaint after they discover the true names of the fictitiously-named defendants.

**6.   Jury Trial:**

Both parties have timely demanded a trial by jury.

**7.   Other Issues Affecting the Management of the Case:**

Plaintiffs named Medina Martin as a nominal defendant in the Complaint.  Plaintiffs' counsel now represents Medina Martin and wish to re-align her as a plaintiff in the matter. Plaintiffs have reached out to Defendant's counsel about whether this can be accomplished by stipulation.  Moreover, Medina Martin has not filed a government claim against the County of Los Angeles, even though she was identified as a potential claimant in Plaintiffs' claim.

Through the meet and confer process, the parties have resolved this issue and are in the process of formulating and submitting a stipulation and amended complaint in this regard.  The stipulation will result in Medina Martin being aligned with the other Plaintiffs in terms of the government claims / denial process.

**8.   Synopsis of the Principal Issues in the Case:**

Plaintiffs' synopsis: This civil rights and wrongful death lawsuit revolves around the death of Douglas Raymond Brown Palamara ("Decedent") on May 8, 2016, while he was in custody at Men's Central Jail.  In April 2016, Decedent was arrested and booked into custody. Decedent's wife, Janet Moyer, repeatedly called and faxed information to the jail and its employees, notifying them that Decedent was mentally ill and suicidal.  She provided a full account of his medical conditions, including the fact that he had been diagnosed with "Schizophrenia Paranoid Type."  In particular, Ms. Moyer repeatedly urged staff to pay attention to the danger that the Decedent would commit suicide.

On an "Inmate Medication Information Form" that she provided to County of Los Angeles employees, Moyer checked "YES" to the question "IS SUICIDE A CONCERN?"  In the space next to the question, she wrote, "Because he's threatened it.  Also the voices tell him that there goal is to make him look crazy so they can kill him and make it look like suicide."

Despite these clear warnings, Decedent apparently committed suicide on or about May 8, 2016.  The County of Los Angeles death certificate lists the cause of death as "Hanging" and the manner of death as "Suicide."  The events that resulted in injury are described as "self-inflicted hanging, with ligature."

Plaintiffs contend that employees of the County of Los Angeles and the Los Angeles County Sheriff's Department unreasonably ignored, were deliberately indifferent to, or failed to address Decedent's mental illness and the risk of Decedent's suicide, including the clear warnings transmitted by Ms. Moyer.  Moreover, Plaintiffs contend that Defendants failed to provide adequate medical care or otherwise withheld effective medical care under the circumstances.

Defendant's Synopsis:

Defendant asserts that at all times during the incarceration of the decedent, he was treated appropriately and with the necessary mental health assessments and care, which was well within the standard of care.  Defendant denies violating the plaintiffs' / decedent's civil / legal rights.  Defendant contends they are immune from liability, that their actions were reasonable, necessary, appropriate, and undertaken in good faith.

DATED:  March 27, 2017          CHAIN | COHN | STILES

                                */s/ Neil K. Gehlawat*
                        BY: _____
                                Neil K. Gehlawat
                                Attorney for Plaintiffs


DATED:  March 27, 2017          LAW OFFICE OF THOMAS C. SEABAUGH

                                */s/ Thomas C. Seabaugh*
                        BY: _____
                                Thomas C. Seabaugh
                                Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  March 27, 2017              MONROY, AVERBUCK & GYSLER

                                         */s/ Jon F. Monroy*
                              BY: _____
                                     Jon F. Monroy
                                     Jennifer E. Gysler
                                     Attorney for Defendant

JOINT SCHEDULING REPORT